# Commonwealth of Pennsylvania, ex rel. H. C. McCormick, Attorney General, *v.* Thomas T. Williams, Appellant.

*Justices of the peace—Boroughs—Division into wards.*

Where boroughs are divided into wards two justices of the peace cannot be elected for each ward.

Argued June 2, 1896. Appeal, No. 24, May T., 1896, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1896, No. 334, for plaintiff on quo warranto. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Quo warranto to determine title to public office.

MCPHERSON, J. filed the following opinion :

The undisputed facts in this case appear from the pleadings and an agreement filed by the parties. They are as follows :

The borough of Shenandoah was incorporated in 1866 by the court of quarter sessions of Schuylkill county under the general borough act of April 3, 1851, P. L. 320. In 1875 it was divided into five wards by the court in a proceeding under the act of May 14, 1874, P. L. 159. Since this division of the borough the electors of each ward have voted for two justices of the peace, claiming that privilege by virtue of the act of June 21, 1839, P. L. 376; and there are now ten of these officials in the borough, of whom eight (now before us in this and similar proceedings) are acting under color of an apparent election or appointment for each ward separately and a formal commission from the governor.

The defendant was thus elected to the office of justice of the peace by the voters of the Third ward of the borough at the February election of 1893 and thereupon a commission was issued by the governor; this election and commission being the only support of his claim to exercise the duties, powers and privileges of the office. He was elected by the separate votes cast in the ward, and not by concurrent votes cast in all the wards of the borough.

In February, 1896, votes were cast concurrently in each ward for Martin J. Lawlor and John J. Cardin to fill the office of justice in said borough, and they have since received commissions from the governor. Proceedings to contest their election are now pending in the proper court of Schuylkill county. The defendant denies the validity of their election, alleging that no vacancy existed because his own election was lawful and valid by virtue of the act of 1839, and accordingly insisting that the present writ must fail.

The parties have agreed by writing filed that if the court shall be of opinion " that there may legally be elected two justices of the peace in each ward in the borough, then judgment to be entered in favor of the defendant; otherwise judgment of ouster to be entered against him."

The questions arising upon these facts have been sufficiently discussed in an opinion filed this day in Commonwealth v. Isaac Morgan, No. 326, commonwealth docket, 1896. For reasons there given we adjudge the defendant guilty of unlawfully holding and exercising the office, privilege and power of justice of the peace in the said borough; and do further adjudge that he

be excluded from such pretended office, privilege and power, and that the commonwealth recover its costs from the defendant.

*Error assigned* was in entering judgment for plaintiff.

*A. W. Schalck*, with him *Carl Wagner*, for appellants.

*M. E. Olmsted, John P. Elkin*, deputy attorney general, and *Henry C. McCormick*, attorney general, for appellee.

PER CURIAM, October 5, 1896:

This case was argued with numbers 21, 22, 23 and 25, May term, 1896, involving substantially the same questions.

A careful consideration of the record has satisfied us that there is no error in the judgment. The controlling questions have been fully discussed and correctly decided by the learned trial judge. It would serve no useful purpose to add anything to what has been so well said by him in this case and in the opinion in Com. ex rel. v. Morgan, No. 25 of May term, 1896, supra, 198. The judgment is therefore affirmed on his opinion.